UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL DALE RAY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GENERAL MOTORS LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-07358-MAA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF No. 14)** |

## I.　INTRODUCTION

On March 27, 2025, Plaintiff Cecil Dale Ray ("Plaintiff") filed a complaint in Los Angeles Superior Court ("Superior Court") against Defendant General Motors LLC ("Defendant") and ten Doe Defendants. (Compl., ECF No. 1-1.) On August 8, 2025, Defendant removed the case to this Court ("Notice of Removal" or "NOR"). (NOR, ECF No. 1.) On August 12, 2025, the parties were notified of their deadline for declining consent to proceed before the assigned United States Magistrate Judge. (ECF No. 5.) No party declined consent. (See ECF No. 6.)

Before the Court is Plaintiff's Motion to Remand ("Motion"), filed on August 29, 2025. (Mot., ECF No. 14.) In support of the Motion, Plaintiff filed the Declaration of Michelle Yang ("First Yang Declaration"). (Yang Decl., ECF No. 14-1.) Defendant opposed the Motion on September 23, 2025 ("Opposition").

(Opp'n, ECF No. 20.) On October 1, 2025, Plaintiff filed a reply in support of the Motion ("Reply") (ECF No. 21), supported by another Declaration of Michelle Yang ("Second Yang Declaration") (ECF No. 21-1).[1]

The matter stands submitted. The hearing on the Motion, previously set for October 15, 2025, was vacated on October 6, 2025. (ECF No. 22.) After considering the papers filed in support and in opposition, the Court deems the Motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion in its entirety.

II.  **BACKGROUND**[2]

On or around July 8, 2019, Plaintiff purchased a 2019 Chevrolet Silverado 1500 ("Subject Vehicle"), which had been manufactured and/or distributed by Defendant. (Compl. ¶¶ 6, 9.[3]) The Subject Vehicle "manifested defects covered by Defendant's express written warranties" including "engine and infotainment defects" that "substantially impair the use, value, and/or safety of" the Subject Vehicle. (*Id.* at ¶ 12.) Plaintiff brought suit, alleging causes of action for violation of the Song-Beverly Consumer Warranty Act, California Civil Code sections 1791 *et seq.* (Claims One through Four), and the Magnuson-Moss Warranty Act,

---

[1] Defendant subsequently filed three supplemental notices of authority. (ECF Nos. 23–25.) The Local Civil Rules of the Central District of California provide for a motion, opposition, and reply. *See* C.D. Cal. L.R. 7-4, 7-9, 7-10. The Local Rules do not provide the right to file a sur-reply absent prior written order of the Court. *See* C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). As no prior written order exists or was sought, the Court has not considered Defendant's three supplemental filings.

[2] The Court summarizes the allegations and claims in the Complaint. In doing so, the Court neither opines on the veracity or merit of Plaintiff's allegations and claims nor makes any findings of fact.

[3] Pinpoint citations of docketed documents refer to paragraphs, or where none, to the page numbers in the ECF-generated headers.

15 U.S.C. §§ 2301 *et seq*. (Claim Five). (*Id*. at ¶¶ 8–44.) The Complaint was personally served on Defendant on April 2, 2025. (Yang Decl. ¶ 5.) Defendant filed its Answer in Superior Court on May 16, 2025. (*Id*. at ¶ 6.)

Defendant removed the case to this Court based on diversity jurisdiction, alleging that Plaintiff is a citizen of California, Defendant is a citizen of Michigan and Delaware, and the amount in controversy exceeds $75,000.[4] (NOR 3–4.) Defendant asserted that removal was timely because neither diversity jurisdiction nor any other basis for removal jurisdiction had been clear from the four corners of the Complaint, and grounds for removal had only become apparent after Defendant conducted its own investigation. (*Id*. at 6–10.) Plaintiff moves to remand on two grounds: (1) Defendant has failed to establish that subject matter jurisdiction exists, making removal improper and thus requiring remand; and (2) if subject matter jurisdiction does exist, that should have been evident from the Complaint, making removal more than thirty days after service of the Complaint untimely and thus requiring remand. (Mot. 2.) The Court addresses each of these arguments below.

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377. "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

"The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed

---

[4] The citizenship of the Doe Defendants is disregarded when determining removal jurisdiction. 28 U.S.C. § 1441(b)(1).

3

to federal court by 'the defendant or the defendants.'" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A.*, 587 U.S. at 437. "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* at 437–38 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 280 (1918)). Generally, the "statutory procedures for removal are to be strictly construed." *Id.* Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c).

The removal procedure for civil actions is set forth in 28 U.S.C. § 1446 ("Section 1446"). "Section 1446(b) provides the rules governing the timeliness of removal. The default rule is that the party seeking removal must remove 'within 30 days after the receipt . . . of a copy of the initial pleading.'" *Blumberger v. Tilley*, 115 F.4th 1113, 1121–22 (9th Cir. 2024) (quoting Section 1446(b)(1)), *cert. denied*, 145 S. Ct. 2818 (2025). However, "[t]he 30-day clock under § 1446(b)(1) begins to run 'only when that pleading affirmatively reveals *on its face* the facts necessary for

4

federal court jurisdiction.'" *Id.* (quoting *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam) (emphasis in original)). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Thus, a complaint that is "indeterminate" regarding the essential jurisdictional facts is not enough to trigger Section 1446(b)(1)'s thirty-day removal period; "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695.

If the case as "'stated by the initial pleading is not removable,' a party may remove a case within 30 days '[after receipt] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Blumberger*, 115 F.4th at 1122 (quoting Section 1446(b)(3)). Here, even greater clarity is required: the Ninth Circuit has held "that 'an amended pleading, motion, order, or other paper must make a ground for removal *unequivocally clear and certain*' to trigger § 1446(b)(3)'s temporal limitation." *Id.* (emphasis added) (quoting *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021)). Further, while such an "other paper" served by a plaintiff will trigger the thirty-day deadline, a defendant's subjective knowledge will not. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Thus, Sections "1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" found in Section 1446(b)(1) and (3) or, in a diversity case, of the one-year deadline imposed by Section 1446(c)(1). *Roth*, 720 F.3d at 1125–26.

For removals based on diversity jurisdiction under 28 U.S.C. § 1332(a), both the diversity of the parties and the amount in controversy must appear determinate on the face of the complaint or "other paper" at issue in order to trigger one of these

thirty-day deadlines. *See Harris*, 425 F.3d at 695 (finding that removal more than thirty days after service of complaint was timely when complaint, on its face, "did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated [co-defendant's] 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint" in 2003); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("Because the face of the initial pleading—[the plaintiff's] superior court complaint—lacked any indication of the amount in controversy, it did not trigger . . . thirty-day removal period.").

The Ninth Circuit has explained that the amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)). "[T]his includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Id.* (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. *See id.* at 648–59 (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)).

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924–25 (9th Cir. 2019) (finding notice of removal sufficient when it "alleged that the amount-in-controversy requirement was

6

satisfied," "discussed each of the claims alleged in the complaint[,] and explained the components of [the defendant's] estimate of the amount in controversy," thus providing "a short and plain statement of the grounds for removal"). This is true even in cases not invoking federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1060–61 (9th Cir. 2021) (vacating district court's *sua sponte* remand of case in which notice of removal alleged that amount in controversy exceeded $75,000); *California by & through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1080 (9th Cir. 2025) (noting, in case removed on the basis of federal officer jurisdiction, that only "short and plain statement of the grounds for removal" required in notice of removal). Though the removal statutes are more strictly construed in non-CAFA cases, "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Academy of Country Music*, 991 F.3d at 1068.

For removals based on federal question jurisdiction, "the determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin U.S.A.*, 604 U.S. at 26. "That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key . . . ." *Id.*

Whatever type of jurisdiction is asserted, the notice of removal must allege facts to support it, not simply legal conclusions. *Harrison*, 154 F.4th at 1080. "Because [the] 'short and plain statement' requirement of the removal statute 'tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure,' the same pleading standards applicable to complaints under Rule 8 also apply to the jurisdictional allegations in a notice of removal." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 87). Similarly, a "remand motion challenging removal jurisdiction is evaluated the same as a Federal Rule of Civil Procedure 12(b)(1)

motion to dismiss for lack of subject-matter jurisdiction." *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023). Thus, "where the moving party does not contest the removal notice's factual allegations but instead asserts that those allegations are facially insufficient to invoke federal jurisdiction," those allegations are accepted as true, and all reasonable inferences are drawn in favor of the remover. *Id.* In contrast, when a "motion to remand raises a factual challenge by 'contest[ing] the truth of the [remover's] factual allegations . . . the remover 'must support her jurisdictional allegations with ''competent proof.''" *Id.* at 552–53 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). At that point, "[t]he remover 'bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.'" *Id.* at 553 (quoting *Leite*, 749 F.3d at 1121). A "plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

## IV.   DISCUSSION

As noted above, Plaintiff moves to remand on two grounds: (1) Defendant has failed to establish that subject matter jurisdiction exists, making removal improper and thus requiring remand; and (2) if subject matter jurisdiction does exist, that should have been evident from the Complaint, making removal more than thirty days after service of the Complaint untimely and thus requiring remand. (Mot. 2.) Neither argument is well-taken.

### A.   The Notice of Removal Plausibly Alleges that Subject Matter Jurisdiction, in the Form of Diversity Jurisdiction, Exists

In the Notice of Removal, Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000. (NOR 3–4.)

Specifically, Defendant asserts that Plaintiff is a citizen of California while Defendant is a citizen of Michigan and Delaware, resulting in complete diversity of the parties. (*Id.*)

Defendant calculates the amount in controversy to include, at a minimum, actual damages of $42,812.81 (equal to the purchase price of the Subject Vehicle—$48,137.40—minus statutorily required offsets in the amount of $5,324.59), plus civil penalties in the amount of two times actual damages, or $96,274.80, for an amount in controversy of at least $139,087.61. (NOR 4–6.) This, without more, is sufficient to exceed the $75,000 amount-in-controversy floor for diversity jurisdiction. However, Defendant bolsters its jurisdictional argument by adding $5,000 in attorneys' fees to the amount in controversy (NOR 5), as the Complaint seeks attorneys' fees in connection with the Song-Beverly act claims (Compl. 9 (Prayer for Relief ¶ f)). Thus, the Notice of Removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

In seeking remand, Plaintiff's Motion includes a section under the heading, "Defendant, As The Removing Party, Has Failed To Establish Subject Matter Jurisdiction." (Mot. 11.) However, Plaintiff does not take issue in the Motion with the factual basis of diversity jurisdiction in this case. (*See generally* Mot.) That is, Plaintiff does not claim that he is *not* a citizen of California or that Defendant is *not* a citizen of Michigan and Delaware. Nor, significantly, does he claim that the amount in controversy is below the $75,000 threshold, or challenge any of Defendant's calculations. Instead, other than the two paragraphs summarizing the case law, this section of the Motion includes just one sentence: "Defendant has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely." (Mot. 11.) As the Motion "does not contest the removal notice's factual allegations," those allegations should therefore be accepted as true. *DeFiore*, 85 F.4th at 552.

9

The Reply, however, while not conceding that the amount in controversy is less than $75,000, does argue that Defendant has failed to show "by a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. (Reply 5.) Plaintiff cites *Dart Cherokee*, 574 U.S. at 87–88, for the proposition that, "[w]here the amount in controversy is uncertain on the face of the complaint and contested by the plaintiff, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." (Reply 5.) No matter how vigorously the Reply asserts that the Motion "contested" "the amount in controversy," however, it did not. The Reply points to one line in the Notice of Motion and three sections of the supporting Memorandum of Points and Authorities as having "explicitly raised the issue" of subject matter jurisdiction. (*Id.*) All are set forth in full below, and self-evidently do not anywhere include a challenge to the amount in controversy plausibly alleged in the Notice of Removal:

- *Notice of Motion i:16*: "alleged amended pleading or other paper." [It is possible that Plaintiff meant to cite line 17, which reads: "Defendant failed to establish removal is substantively proper."]

- *Motion at 5:17–22*: "Notably, Defendant's Notice of Removal does not cite to any 'other paper' which provided Defendant with new information amounting to its conclusion that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Instead, Defendant only states that it performed a preliminary investigation to determine Plaintiff's citizenship and the estimated amount in controversy. (Dkt. 1, Notice of Removal, 2:14–17.)"

- *Motion at 7:9–20*: "Defendant's Notice of Removal does not cite to any 'amended pleadings' or 'other paper' which provided Defendant with new information amounting to its conclusion that this Court had jurisdiction pursuant to 28 U.S.C. §§ 1332, 1446. Instead, Defendant merely state[s] that they [sic] performed a preliminary investigation to determine Plaintiff's citizenship and the estimated amount in controversy. (Dkt. 1, Notice of Removal, generally.) Defendant further claim[s] that this unspecified preliminary investigation revealed a plausible basis for subject matter jurisdiction[.] (Id. at 3:3–6.)

> Nowhere in the Notice of Removal, do[es] Defendant identify any facts, documents, or evidence purportedly uncovered through their [sic] investigation that would support an objectively reasonable basis for seeking removal within the second 30-day window. The absence of such detail renders Defendant's justification facially deficient."

- *Motion at 8:1–26*: "**c. Defendant, As The Removing Party, Has Failed To Establish Subject Matter Jurisdiction** [¶] 'Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.' *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. section 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ('The propriety of removal thus depends on whether the case originally could have been filed in federal court.'). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). [¶] The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also*, *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). '[A]ny doubt about the right of removal requires resolution in favor of remand.' (*Moore-Thomas*, 553 F.3d, 1244.) Indeed, the courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See, DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006). [¶] Defendant has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely.

(Mot. 2, 8, 10–11.) Thus, while the Reply's assertion that the Motion "explicitly raised the issue" of subject matter jurisdiction may be correct, the Motion did not, after raising that issue in conclusory terms, go on to support it by explaining that the

reason why the issue had been raised was because subject matter jurisdiction was lacking. Or, more specifically, that subject matter jurisdiction was lacking due to the fact that Defendant's calculation of the amount in controversy was incorrect—and that the correct amount was not sufficient to support diversity jurisdiction, the claimed basis for subject matter jurisdiction. Instead, the only problem with the removal identified in the Motion and supported with any case-specific facts was the timing issue. While defects in the procedure or timeliness of a removal may certainly be cause for remand, an inquiry into the timeliness of a removal is not the same as an inquiry into "whether the case originally could have been filed in federal court." *City of Chicago*, 522 U.S. at 163.

      Having failed to raise in the Motion a factual challenge to the Notice of Removal's plausible allegations regarding the amount in controversy, Plaintiff cannot do so for the first time in the Reply. *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Padilla v. City of Richmond*, 509 F. Supp. 3d 1168, 1180 (N.D. Cal. 2020) ("As a general rule, courts do not consider arguments raised for the first time on reply."); *FT Travel - N.Y., LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (collecting cases where courts decline to consider arguments that are raised for the first time in a reply brief). As the Motion itself did not challenge the Notice of Removal's plausible allegations regarding the amount in controversy, Defendant was not under any obligation to present evidence supporting those allegations in its Opposition. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (holding that, because plaintiff "asserted a facial, rather than a factual or as-applied, challenge to the notice of removal, [the notice's] allegations were sufficient" and "[n]o evidence was required"). The Court thus looks solely to the allegations in the Notice of Removal—which, as discussed above, clearly set forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

///

*Dart Cherokee*, 574 U.S. at 89.  The Notice of Removal therefore properly provided the required "short and plain statement of the grounds for removal." *Id.* at 83.

Of course, the Court is mindful of its obligation to ensure that it has subject matter jurisdiction over a case.  If Plaintiff had included in the Reply something that raised serious doubts about the Court's jurisdiction over this case, further briefing might be in order.  However, Plaintiff has in fact done the opposite—*Plaintiff* has submitted evidence that supports Defendant's amount in controversy allegation, even if Defendant has not.  Exhibit 1 to the Second Yang Declaration is "the February 14, 2019 invoice reflecting GM's sale of the Subject Vehicle to Fairfield Chevrolet, the selling dealership," which "lists the Manufacturer's Suggested Retail Price ('MSRP') of the Subject Vehicle as $46,685.00." (Second Yang Decl. ¶ 3 and Ex. 1.)  According to Plaintiff, this figure is "more than sufficient to plausibly determine the amount in controversy." (Reply 2.)  Certainly an MSRP of $46,685.00 is consistent with an actual purchase price of $48,137.40, as alleged in the Notice of Removal.  (NOR 4.)  As the Complaint unquestionably seeks restitution, actual damages, and "a civil penalty in the amount of two times Plaintiff's actual damages" (Compl. 9), this exhibit supports a finding that the amount in controversy exceeds the $75,000 threshold.  Were the Court required to determine what the preponderance of the evidence before it shows, the single piece of evidence that has been presented—and thus the preponderance of it—supports the existence of subject matter jurisdiction.

Therefore, the Court is satisfied that subject matter jurisdiction, in the form of diversity jurisdiction, exists in this case, and that Defendant raised sufficient allegations in the Notice of Removal to support the existence of such jurisdiction.

### B. The Removal Was Not Untimely

Plaintiff also argues that, even if subject matter jurisdiction exists, remand is required because the removal was untimely.  (Mot. 7.)  In support of this argument,

he points out that (1) the Notice of Removal was filed more than thirty days after Defendant was served with the Complaint (Mot. 5) and (2) Defendant has not pointed to any "other paper" which could have triggered a second thirty-day removal deadline (Mot. 10). Defendant does not take issue with either of these statements. (*See generally* Opp'n.) The dispute is, rather, whether Defendant was required to remove within either of these thirty-day periods.

As to the first, if a complaint "affirmatively reveals *on its face* the facts necessary for federal court jurisdiction," then removal must indeed be effected within thirty days of service. *Harris*, 425 F.3d at 691 (emphasis added) (internal quotations omitted). If not, then removal during that first thirty days is not required—even if the case is, in fact, removable, and the additional information necessary to demonstrate its removability is already within the defendant's possession. *Dietrich*, 14 F.4th at 1094 (drawing distinction between "facts sufficient to *allow* removal with facts sufficient to *require* removal within thirty days" and noting "that a defendant *may* remove before it *must* do so" (emphasis in original)). The defendant does not have any obligation to conduct an investigation of its own files within thirty days to determine if it might have information that could reveal that the case is removable. *Harris*, 425 F.3d at 693 (rejecting contention that "the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint").

Defendant argues that the Complaint does not reveal on its face sufficient information to determine if the amount in controversy satisfied the jurisdictional minimum. (NOR 8–10; Opp'n 20–23.) Plaintiff, on the other hand, argues that the Complaint was "sufficient" for Defendant to make a plausible allegation regarding the amount in controversy. (Mot. 8.) However, this alleged sufficiency was dependent not solely on what was in the Complaint, but what was in the Complaint *plus* what Plaintiff claims should have been known to or easily discoverable by

Defendant at the time it received the Complaint. (*See, e.g.*, Reply 4 ("The Complaint and GM's own records were more than enough to trigger the first 30-day period.").) That is, while acknowledging that "Plaintiff's Complaint does not allege a specific monetary relief figure," Plaintiff points out that the Complaint did include the Subject Vehicle's VIN number, from which Defendant should have been able to determine the vehicle's value using information outside the Complaint. (Mot. 9) Even if Defendant could have used the information in the Complaint to "look up" the market value of the Subject Vehicle, however, it was not required to do so. The Ninth Circuit has "declined to hold that materials outside the complaint start the thirty-day clock." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). It should go without saying that a sum is not "ascertainable on the face of the Complaint" (Reply 3) when reference to information found only outside the Complaint is needed to make the calculation. Since it apparently needs to be said, however, the Court finds that the instant Complaint did not, within its four corners and without access to reference material not included in the Complaint, provide sufficient information regarding the amount in controversy to trigger the thirty-day removal clock of Section 1446(b)(1).[5] Including a vehicle's make, model, and VIN number in a complaint is not the same as including that vehicle's purchase price in the complaint, and those facts are not in themselves sufficient to make the value of the vehicle determinate "through examination of the four corners of the [Complaint], not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694; *see, e.g.*, *Perez et al v. Gen. Motors LLC*, No. 2:25-CV-08189-WLH-BFM, 2025 WL 3459344, at *3 (C.D. Cal. Dec. 2, 2025) (denying motion to remand and stating that, despite complaint's allegations

---

[5] Defendant also argues that the Complaint was not sufficiently determinate regarding Plaintiff's citizenship. (Opp'n 19–20.) In light of the Court's finding regarding the amount-in-controversy allegations, there is no need to address this argument. Accordingly, the Court declines to do so.

regarding "make, model, and year of the subject vehicle," the court could not "speculate as to the *actual* amount in controversy of the Subject Vehicle . . . with no other information, such as the actual purchase price and mileage"); *Cesar Perez v. Gen. Motors LLC*, No. 8:25-CV-02349-FWS-KES, 2025 WL 3277296, at *3 (C.D. Cal. Nov. 25, 2025) (finding that plaintiff failed "to sufficiently allege facts from which the amount in controversy could be determined," despite including vehicle's make, model, and VIN number); *Murphy v. Gen. Motors LLC*, No. 2:25-CV-08202-SPG-MBK, 2025 WL 3268814, at *3 (C.D. Cal. Nov. 21, 2025) (holding that "absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline").

Plaintiff also argues that the Complaint, on its face, was removable on the basis of federal question jurisdiction, due to the MMWA claim. (Mot. 7.) However, it is not that simple. "Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) (citing 15 U.S.C. § 2310(d)(3)(B)). For MMWA claims, as for assertions of diversity jurisdiction, courts "look no farther than the pleadings to determine the amount in controversy." *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004). Thus, for the inclusion of an MMWA claim to provide a basis for federal question jurisdiction, the complaint in which that claim is included must allege facts sufficient to establish the amount in controversy. As just discussed, the instant Complaint does not include any dollar amount or means of calculating the amount in controversy without reference to information outside the four corners of the Complaint. Therefore, the mere assertion of an MMWA claim in the Complaint was not sufficient to trigger Section 1446(b)(1)'s thirty-day deadline.[6] *Perez v.*

---

[6] Defendant points out that the types of claims for relief that are considered in calculating the amount in controversy for MMWA purposes may not be the same as

*Gen. Motors LLC*, No. 2:25-CV-08189-WLH-BFM, 2025 WL 3459344, at *2 (C.D. Cal. Dec. 2, 2025) ("Actions removed based on the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy requirement is met."); *Murphy*, 2025 WL 3268814, at *3 (holding that, without allegations "sufficient to show that . . . the complaint met the amount-in-controversy requirement for the MMWA," mere assertion of MMWA claim in complaint did not demonstrate existence of federal question jurisdiction and thus did not trigger thirty-day deadline); *Leal v. Gen. Motors LLC*, No. 2:25-CV-08545-BFM, 2025 WL 3124332, at *2 (C.D. Cal. Nov. 7, 2025) ("[N]o claim is stated under the Magnuson-Moss Warranty Act unless the amount in controversy is at least $50,000.").

Plaintiff also argues that "Defendant waived its right to remove pursuant to 28 U.S.C. § 1446(b)(3) because it did not file for removal within 30 days after receipt of an alleged amended pleading or other paper." (Mot. 2.) Plaintiff does not point to any such paper, however, arguing instead that "even assuming Plaintiff's Complaint did not make clear that Plaintiff's case was removable Defendant has not established when the case did become removable." (Reply 4–5.) This misconstrues Section 1446(b)(3)'s thirty-day limitation period. If a complaint does not "on its face" provide a basis for removal, and a defendant discovers information through its own investigations that reveals a case's removability more than thirty days after service, the defendant does not need to wait for receipt of a copy of an amended pleading, motion, order or other paper to open a new removability "window." *See Roth*, 720 F.3d at 1124 (rejecting argument that "the two thirty-day periods

---

those considered in calculating the amount in controversy for purposes of diversity jurisdiction. (Opp'n 18 (pointing out that courts differ regarding whether "Song-Beverly damages may be aggregated to meet the MMWA threshold").) As the Complaint lacks facts sufficient to any calculation within its four corners, the Court does not need to reach the issue of how the MMWA amount in controversy should be calculated.

17

described in § 1446(b)(1) and (b)(3) are the only periods during which the defendant may remove"). It is of course true that, if such a paper *is* served on the defendant, then the defendant must effect removal within thirty days.[7] 28 U.S.C. § 1446(b)(3). But in the absence of such a paper, the only time limit on Defendant's ability to remove is Section 1446(c)(1)'s bar to removal based on diversity jurisdiction more than one year after commencement of an action. 28 U.S.C. § 1446(c)(1). Plaintiff does not argue, nor could he, that removal was sought in this case more than a year after the filing of the Complaint. Accordingly, the Court finds that removal of this matter was timely.

\* \* \*

As removal was timely and subject matter jurisdiction exists, the Court finds that remand of this matter would not be appropriate.

### C. Plaintiff Is Not Entitled To Attorneys' Fees

Plaintiff contends he is entitled to an award of the attorneys' fees and costs he incurred in litigating this motion. (Mot. 12–13.) Defendant opposes this request. (Opp'n 24–25.)

In a successful motion to remand, a district court may order the defendant to pay the prevailing plaintiff its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) (quoting 28 U.S.C. § 1447(c)). Here, Plaintiff did not prevail on his Motion. On this basis, the Court declines to award Plaintiff his attorneys' fees and costs.

///

///

---

[7] If the paper is "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1095.

## V. CONCLUSION

On the basis of the foregoing, the Court **DENIES** Plaintiff's Motion in its entirety.

**IT IS SO ORDERED.**

DATED: 12/8/2025

HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE